IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-00910-SRB |
| | ) | |
| FERRELLGAS, INC., | ) | |
| JAMES FERRELL, and | ) | |
| PAMELA BRUECKMANN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants James Ferrell and Pamela Brueckmann's Motion for a Stay Pending Appeal. (Doc. #35). For the reasons below, Defendants' motion is GRANTED.

**I. BACKGROUND**

Plaintiff Jacqueline Morgan, a former employee of Defendant Ferrellgas, Inc., filed suit in the Circuit Court of Clay County, Missouri, alleging Ferrellgas, Inc. engaged in gender-based discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"). In addition to her MHRA claims, Morgan also asserts individual tort claims against Defendants James Ferrell and Pamela Brueckmann. Morgan alleges Ferrell and Brueckmann committed fraudulent and negligent misrepresentation, and fraudulent and negligent misrepresentation by omission, while recruiting Morgan to join the company. Morgan claims those misrepresentations and omissions misled her about the internal power structure and dynamic of Ferrellgas, Inc. and induced her to join the company in the midst of an attempted hostile takeover by members of its own executive team.

1

Defendants Ferrellgas, Inc., Ferrell, and Brueckmann jointly removed the case to federal court pursuant to diversity jurisdiction and filed a motion to dismiss the case or stay the case and compel arbitration. Defendants argued each of Morgan's claims arose out of her employment relationship with Ferrellgas, Inc. and were subject to a binding arbitration provision contained within her employment agreement. This Court granted Defendants' motion to compel arbitration in part, finding Morgan's claims against Ferrellgas, Inc. were subject to the arbitration provision and staying all proceedings against Ferrellgas, Inc. (Doc. #32). As to Morgan's individual tort claims against Ferrell and Brueckmann, this Court found Ferrell and Brueckmann did not have standing to enforce Ferrellgas, Inc.'s arbitration agreement with Morgan and denied Defendants' motion. (Doc. #32). On January 23, 2020, Ferrell and Brueckmann filed a notice of appeal from this Court's Order denying their motion to dismiss or stay the action in favor of arbitration as authorized by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(A). The next day, Ferrell and Brueckmann filed a motion to stay the action while their appeal before the Eighth Circuit is pending. Morgan opposes the motion.

## II. LEGAL STANDARD

Pursuant to the FAA, a party may appeal a district court's denial of a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1). A majority of circuit courts have found that an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction. *See, e.g.*, *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) (finding the district court is divested of jurisdiction when a non-frivolous appeal under the FAA is filed); *Ehleiter v. Grapetree Stores, Inc.*, 482 F.3d 207, 214–15 (3d Cir. 2007) (same); *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006) (same); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 265–66 (4th Cir. 2011) (same). Circuit courts adopting

the minority approach have found the opposite. *See, e.g.*, *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (finding an appeal of an order denying a motion to compel arbitration does not deprive a court of jurisdiction over other proceedings in the case); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d. Cir. 2004) (same); *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 909–10 (5th Cir. 2011) (same). The Eighth Circuit has not decided the issue, though some district courts within the Eighth Circuit have. *See James Shackelford Heating & Cooling, LC v. AT&T Corp.*, No. 17-00663-CV-W-ODS, 2017 WL 6540039, at *1 (W.D. Mo. Dec. 21, 2017) (adopting majority approach); *Ramsey v. H&R Block, Inc.*, No. 18-00933-CV-W-ODS, 2019 WL 5685686, at *2 (W.D. Mo. July 11, 2019) (same); *Union Elec. Co. v. Aegis Energy Syndicate 1225*, No. 4:12CV877 JCH, 2012 WL 4936572, at *2 (E.D. Mo. Oct. 17, 2012) (agreeing with majority approach but granting stay on discretionary grounds).

Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157-CV-S-GAF, 2014 WL 12754994, at *4 (W.D. Mo. Apr. 10, 2014) (citing *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998)) ("It is within a court's inherent power to manage its docket and discovery matters."). Accordingly, a court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). In considering whether a stay is appropriate, courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party and concerns of judicial economy. *Gould*, 326 F.R.D. at 531 (citation

omitted). The party requesting a stay bears the burden of establishing the need for it. *Tovar v. Essentia Health*, 342 F.Supp.3d 947, 957 (D. Minn. 2018).

### III. DISCUSSION

Defendants Ferrell and Brueckmann urge this Court to follow the majority approach and find that when a party appeals from an order denying a motion to compel arbitration under the FAA, it automatically divests the district court of jurisdiction. In the alternative, Ferrell and Brueckmann argue the circumstances justify this Court's exercise of its discretionary authority to stay proceedings. Morgan opposes a stay, contending it would indefinitely delay her case and that allowing discovery to proceed while the appeal is pending does not prejudice the parties.

After considering the parties' arguments, the relevant factors, and the circumstances of this case, the Court finds the reasoning set forth in the opinions issued by a majority of circuit courts more compelling. In turn, this Court finds the Defendants' filing of a notice of appeal divests it of jurisdiction. Further, even if this Court's jurisdiction was not divested by Ferrell's and Brueckmann's filing of a notice of appeal, the circumstances warrant this Court's exercise of its discretionary authority to stay the action pending resolution of the appeal. For both of these reasons, Defendants Ferrell's and Brueckmann's motion to stay is granted.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** Defendants' Motion for a Stay Pending Appeal (Doc. #35) is GRANTED. This matter is stayed pending the issuance of a mandate by the Eighth Circuit Court of Appeals with regard to Defendants' pending appeal.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: February 6, 2020

4